**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

EDNA F. BODY                                                                           PLAINTIFF

vs.                                                       Civil Action No. 3:08-cv-7 HTW-LRA

VICTORIA SELECT INSURANCE COMPANY;
MICHAEL DALY AGENCY, INC.; JOHN DOE
PERSON 1-5 and JOHN DOE ENTITIES 1-5                   DEFENDANTS

## AMENDED ORDER GRANTING REMAND

### I. Introduction

Before this court is plaintiff Edna Body's ("Body") motion to remand [docket # 5] and motion for costs [docket # 7]. Body claims that defendants Victoria Select Insurance Company ("Victoria") and Michael Daly Agency, Inc. ("Daly") improvidently removed this action to this court under the aegis of Title 28 U.S.C. § 1332,[1] § 1441,[2] and § 1446.[3] Body asks this court to remand this matter to the County Court of Hinds

---

[1]Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ...

[2]Title 28 U.S.C. § 1441(a) states in pertinent part that "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[3]Title 28 U.S.C. § 1446(b) provides:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required

County, Mississippi. Defendants oppose the motions; nevertheless, the court grants the plaintiff's motion to remand but denies plaintiff's motion for costs submitted under Title 28 U.S.C. § 1447(c).[4]

## II. Statement of Relevant Facts

On May 1, 2007, between the hours of 8:00 o'clock a.m. and 9:00 o'clock a.m., Michael Daly, on behalf of the Daly Agency, met with the plaintiff at her place of business to discuss automobile insurance for plaintiff's vehicles. Daly allegedly sold the plaintiff an insurance policy covering the plaintiff's vehicles (Policy # 3976432-10105). Body provided Daly with a check for $406.12. Daly supposedly then informed the plaintiff that her vehicles were insured. Later that morning and again in the afternoon, Body says she was contacted by representatives of the Daly Agency who confirmed that the purchased policy was in effect and advised her of the date for her next installment payment. At that time, she also was advised of the name of the company underwriting her policy.

Later that day, Body says she was contacted by a representative of the Daly Agency and was advised that she needed to sign a document that had been omitted.

---

to be served on the defendant, whichever period is shorter.

[4]Title 28 U.S.C. § 1447 provides in pertinent part:

**(c)** A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and nay actual expenses including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Plaintiff told the Daly Agency representative that she would come in to sign the document later that afternoon. Prior to Body's visit to the Daly office, Body's son was involved in an automobile accident with another vehicle. Upon arrival at the office, Body signed the insurance application which required the following pledge: "I also understand that no losses will be covered which have occurred between 12:01 a.m. this morning and the time when the application is signed".

On or about August 16, 2007, Body says she was advised by the Daly Agency that there was no coverage in effect at the time of the accident. Plaintiff has not received any benefits under the policy as of the filing of the complaint.[5]

Plaintiff sued in the County Court of Hinds County, Mississippi. As defendants, she named Victoria Select Insurance Company; Michael Daly Agency, Inc.; John Doe Person 1-5 and John Doe Entities 1-5. Plaintiff charges Victoria with tortious breach of contract and breach of duty of good faith and fair dealing; the Daly Agency with negligence and with fraud and intentional misrepresentation; and both defendants with negligence and gross negligence. Plaintiff seeks actual, compensatory and punitive damages, and pre-judgment and post-judgment interest, attorney fees, all costs accrued in this action, and any other relief which the court or jury deems just and appropriate.

The defendants removed Body's lawsuit to this federal court pursuant to Title 28 U.S.C. § 1332 and § 1441(a), claiming diversity jurisdiction as the basis of the United States District Court's original jurisdiction over this action. Although plaintiff and

---

[5]Victoria Select Insurance Company ("Victoria") contends, however, that it has made no final decision on coverage.

Victoria are diverse in citizenship, plaintiff and Daly are both citizens of the State of Mississippi. Defendants allege that plaintiff fraudulently joined Daly to defeat diversity. Plaintiff Body maintains that state court is the proper venue for this case as all parties are not diverse and the amount-in-controversy requirement has not been met.

### III. Legal Standard

A. Removal

As courts of limited jurisdiction, federal courts are obligated to ascertain subject matter jurisdiction under the presumption that a lawsuit lies outside its jurisdiction before resolving any other issues of that lawsuit. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001). A defendant who removes an action from state court to federal court bears the "heavy" burden of demonstrating that the federal court has subject matter jurisdiction and that removal was proper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739, at 424 (3d ed. 1998) ("It is ... well settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction ... to show that the requirements for removal have been met."). Furthermore, the removal statutes are to be strictly construed with all doubts and ambiguities resolved against a finding of proper removal. *Dodson v. Spiliada Maritime*

4

*Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A removing defendant under § 1332, thus, must prove by a preponderance of the evidence that diversity of citizenship lies and that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). Both prongs for federal diversity jurisdiction are in dispute.

B.  Improper Joinder[6]

The improper joinder doctrine is a narrow exception to the rule of complete diversity. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). The removing party bears the burden of establishing that the non-diverse defendant was improperly joined. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). When deciding the issue of improper joinder, the court must evaluate all factual allegations in the plaintiff's state court pleading in the light most favorable to the plaintiff and resolve all uncertainties in favor of the non-removing party. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005). *Travis v. Irby*, 326 F.3d at 644. "Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-

---

[6]While the Fifth Circuit has said there is no substantive difference between "improper joinder" and "fraudulent joinder," that court also said the term "improper joinder" is more consistent with the statutory language. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc). Accordingly, the term "improper joinder" will be used herein.

5

47 (5th Cir. 2003)). *McDonal*, 408 F.3d at 183. Under the second prong of the *Smallwood* test, which is the only test at issue here, the removing party must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Harden v. Field Mem. Cmty. Hosp.*, 516 F.Supp.2d 600, 609 (S.D. Miss. 2007) (quoting *Smallwood*, 385 F.3d at 573). The courts are not to be concerned whether "the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005); *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources*, 99 F.3d 746, 751 (5th Cir. 1996); *Dodson*, 951 F.2d at 42. "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder." *Jernigan*, 989 F.2d at 816 (quoting *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)). *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 (5th Cir. 2000).

### IV. ANALYSIS

Under Mississippi law, the agent is not liable for a breach of a duty or contract committed by the principal where the agent is acting for a known principal. *McFarland v. Utica Fire Ins. Co.*, 814 F.Supp. 518, 521 (S.D. Miss. 1992) (citing *Moore v. Interstate Fire Ins. Co.*, 717 F.Supp. 1193 (S.D. Miss. 1989); *Schoonover v. West American Ins. Co.*, 665 F.Supp. 511 (S.D. Miss. 1987)).

Plaintiff argues, however, the doctrine established by the Mississippi Supreme Court in *Bass v. Cal. Life Ins. Co.*, 581 So.2d 1087 (Miss. 1991), which modified the above juridical statement, controls here. Bass holds that an agent could "incur independent liability when his conduct constitutes gross negligence, malice, or [a] reckless disregard for the rights of the insured. *Id.* at 1090. *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So.2d 777, 785 (Miss. 2004).

Here, plaintiff contends that Daly perpetrated the tort of fraud or misrepresentation. This tort, says plaintiff amounts to a tort which imposes "independent liability" upon Daly.

In order for the plaintiff's claim of fraudulent misrepresentation to survive, she must show: (1) Daly made a representation; (2) the representation was false; (3) and material; (4) Daly knew to be false; (5) Daly intended that Body act upon the representation; (6) Body was unaware that the representation was false; (7) Body relied on the truth of the representation; (8) had a right to rely on the representation; and (9) Body suffered consequent and proximate injury. *Howard v. CitiFinancial, Inc.*, 195 F.Supp.2d 811 (S.D. Miss. 2002) (citing *Levens v. Campbell*, 733 So.2d 753, 761-62 (Miss. 1999)).

Body alleges that Daly committed fraud and was grossly negligent for the independent act of informing her that coverage would be effective immediately upon Daly's receipt of payment. Not just once, but three times, says plaintiff, Daly led her to believe that once she paid the first premium, she was covered. The first occasion was when she tendered to Daly a check for $406.12, and the next two occasions were when Daly's office contacted plaintiff by telephone asking her to come to Daly's office to sign

7

some additional papers. Body avers that these actions were inducements prompting her to purchase the insurance, perpetrated by Daly knowing full well that Victoria would require an application disclaiming existing claims.

Defendants argue that even if it were the case that Daly did tell Body that there was coverage upon the providing of a check, she cannot have relied upon that representation as the contract says something different. The contract of insurance at issue disclaim claims in existence prior to the time when the application is signed.

At approximately 12:17 p.m. on May 1, 2007, Eddrique D. Body ("Eddrique") was involved in an automobile accident while driving a 2007 Ford Ranger pickup [truck] owned by plaintiff. At approximately 2:00 p.m. that day, Body signed the application for insurance at issue. Thus, argue defendants, regardless of any statement to the contrary by Daly, plaintiff was on notice by the terms of the contract that she had no coverage for her son's automobile accident since the accident had occurred that morning before she signed the insurance application.

Mississippi law holds that a person is under an obligation to read a contract. Where an error would have been disclosed by reading the contract, a person generally will not be heard to complain of an oral misrepresentation. *Jabour v. Life Ins. Co. of North America*, 362 F.Supp.2d 736, 741 (S.D. Miss. 2005) (citing *Godfrey, Bassett & Kuykendall Architects, Ltd. V. Huntington Lumber & Supply Co.*, 584 So.2d 124, 125 (Miss. 1991)). Defendants contend that Body is not justified in relying upon any oral statements made by Daly in the face of the contractual provision disclaiming any prior claim predicated upon activity occurring after 12:01 a.m., that morning.

Defendants say more. Defendants argue on the matter of liability that plaintiff failed to include her son in her insurance application. According to the defendants, all household members at least 15 years old should have been listed on the application, as well as all regular operators of the insured vehicle. Eddrique was not listed on the application, say defendants, even though his license indicates he is a resident of plaintiff's household.

This court is persuaded that plaintiff may have a cause of action in state court against Daly. Although defendants point to the disclaiming language in the insurance application signed by plaintiff on the afternoon of May 1, 2007, and the omission of plaintiff to list her son as a driver, defendants ignore plaintiff's argument that she applied for insurance that morning before her son's accident and should have been presented with the insurance application then. She contends that Daly knew an application was required, but accepted her payment of premium and led her to believe otherwise. She says she was not advised that she had to list her son in an application because she was not provided any application and, even so, says plaintiff, her son does not live with her, no matter what address is on his driver's license.

Relative to whether she was justified in relying on Daly's statements, plaintiff emphasizes that she had conducted other business with Daly and believed she could rely upon his assertions that she had coverage; otherwise, she says, she would have gone elsewhere that morning seeking insurance. Now, says plaintiff, in the aftermath of her son's accident, Daly is telling a different story. As previously stated, this court is satisfied that plaintiff may have a viable claim against Daly.

Defendants, in addition to contending that plaintiff has no viable cause of action against Daly, also argued in their papers in support of removal that this lawsuit features an amount in controversy in excess of $75,000.00, exclusive of costs and interest, a necessary prong for subject matter jurisdiction under § 1332.

Defendants allege that while plaintiff's complaint does not specify any specific amount of damages, the facial aspect of the complaint shows that the plaintiff is seeking damages in excess of $75,000.00 as she is asking for an unlimited amount of punitive damages. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.2d 880, 883 (5th Cir. 2000). The damage to plaintiff's vehicle is valued at $11,102.70, and there is a subrogation claim currently pending in the amount of $5,026.26 for property damage and an undetermined amount of damages for personal injuries to two separate individuals in the accident. Defendants argue that these personal injuries, coupled with an unstated amount of punitive damages, meet the amount-in-controversy requirement. Defendants also underscore that the plaintiff never states in her motion that she is not seeking an amount in excess of $75,000.00.

The court finds defendants' assertions unconvincing and is persuaded that the amount-in-controversy requirement has not been met. Property damages mentioned are not large amounts. The personal injuries to separate individuals remain undescribed and the damages sought by these alleged accident victims remain unestimated. While plaintiff seeks punitive damages, various aspects of this case, even if she prevails on the issue of liability, may foreclose the request or compromise any amount received. Defendants also make much of plaintiff's refusal to submit to an examination under oath as required by the insurance policy. This refusal, say

defendants, has hampered Victoria in processing plaintiff's claim.

## V. Attorney Fees

This court has the discretion to award attorney fees and costs resulting from a remand order pursuant to Title 28 U.S.C. § 1447(c). Section 1447(c) in pertinent part states: "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal." Where a court remands, "[t]here is no automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). A court should not award fees when the defendant had objectively reasonable grounds to believe the removal was "legally proper" at the time of the removal. *Id.* at 293; rather, they should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Said differently, fees should be denied when objectively reasonable grounds for removal exist. While the court agrees that this case should be remanded, this court is not persuaded that defendants' actions of removal were blatantly unreasonable. Accordingly, the court denies plaintiff's motion for costs.

## VI. Conclusion

It is, therefore, ordered and adjudged that plaintiff's motion to remand is granted. Plaintiff's motion for costs is denied.

**SO ORDERED, this the 18th day of August, 2010.**

**s/ HENRY T. WINGATE
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

Civil Action No. 3:08-cv-7 HTW-LRA
Amended Order Granting Remand